CHRISTIAN TLLEXAN *versus* GEORGE H. WILSON AND AL.

A gold watch given by a debtor to his wife before marriage, in 1844, and while they were residing in the State of New York, and still in her possession, is liable to attachment here for the debts of the husband.

But property conveyed to the wife by her father since 1844, and while residing in this state, is not thus liable.

In the trial of actions here, the common law of New York may properly be presumed to be similar to that of this state, unless the contrary be shown.

REPORTED by the Chief Justice.

This action is upon a bond of a debtor who made a disclosure, in which he admitted the possession of eighty-five cents in money, a gold watch in possession of his wife, given her by himself before his residence in this state, and certain articles of furniture, received while residing in New York, from her father, of which there was a bill of sale, dated about the time of her marriage, but delivered her long since.

The debtor was allowed to take the usual oath by the justices who heard the disclosure, and the plaintiff by a proper officer seasonably demanded the property, which was not delivered.

To prove the laws of New York as to the rights of the husband to the personal property of his wife, the plaintiff read without objection the case of Blanchard v. Blood, 2 Barb., 352.

*O'Donnell,* for defendant, argued, that,

1st. The debtor disclosed no property of *his* own, and consequently could not surrender it. R. S., chap. 148, sec. 28; Ledden v. Hanson, 34 Maine R., 356.

2d. The furniture was conveyed to the wife, a *gift* upon *condition,* and not liable for husband's debts, unless *fraud* be proved. Inse B. R. Grant, 2d Story's C. C., 1842, U. S., 312; Quick v. Garrison, 10 Wendall, 335; subsequent creditors cannot interfere. Davis v. Herrick, 37 Maine R., 397.

The *condition* in bill of sale is binding on third parties, or

creditors and the grantor can reclaim his property, if taken for Wilson's debts. Coggill v. H. & N. H. R. R. Co., 3 Gray, 545; Gilbert v. Thompson, 3 Gray, 550; Hill v. Freeman, 3 Cush. R., 257; Whipple v. Gilpatrick, 19 Maine R., 429; George v. Stubbs, 26 Maine R., 247.

The husband can exersise no ownership over the property by our laws. Southard v. Plummer, 36 Maine R., 64.

By the Statute of Maine, Statute of 1844, chap. 117, approved March 22d, 1844, (before Wilson's marriage,) Mrs. Wilson, the donee, had a right to receive a gift in her own name, and as her own property, as it did not " come from the husband. Such gift is exempt from any liability for the debts or contracts of the husband.

3d. The watch, a trinket given by Wilson before marriage, did not become the property of the husband by marriage. The laws of New York and Maine made it the absolute property of the wife, and subsequent creditors of the husband cannot interfere. Davis v. Herrick, 37 Maine R., 397, before cited. The present suit is by a subsequent creditor, whose debt was not contracted until the date of judgment, in 1854 or 1855.

4th. Debtor discloses eighty-five cents, not appraised, as in the absence of the plaintiff his attorney waived all claim to it.

The debtor was duly discharged, as the case finds, under chap. 148, R. S., upon disclosure, so if any actual damages exist, it is for the sum of eighty-five cents, and quarter costs, by the operation of the statute of 1848, chap. 85, and the repeated decisions of this court. Bachelder v. Sanborn, 34 Maine R., 231; Baker v. Carleton, 32 Maine R., 337; Bray v. Kelley, 38 Maine R., 596; Torrey v. Berry, 36 Maine R., 589; Baldwin v. Doe, 36 Maine R., 494.

Or, if there be a technical breach of the bond, and the plaintiff has sustained no damages, the court may refuse costs to either party. Statute of 1848, chap. 85; sec. 3; Palmer v. Dougherty, 33 Maine R., 502; Houghton v. Lyford, 39 Maine R., 270.

But the defendants claim that there was no breach of the

Tllexan *v.* Wilson and al.

bond, and they are entitled to their costs, as in ordinary cases.

*Howard & Strout,* for plaintiff, argued,

That the debtor discloses property which he alleges belongs to his wife, but which came to her after coverture, while husband and wife were resident in New York. By the law of New York, at that time, the personal property of the wife vested in the husband. Blanchard v. Blood, 2 Barbour, 352.

Having once vested in the husband, it was his when he removed into this state, no law of this state has divested him of the property. Com. v. Manley, 12 Pick., 175.

Being his, then at the time of disclosure, the creditor had a lien upon it, and on defendant's failure to deliver it to the officer making demand, as the case finds, there was a breach of the bond. R. S., chap. 148, sec. 34.

As all the property was required for the payment of the debt, it was not necessary that the justices should specially set out or designate it. Clement v. Wyman, 31 Maine R., 55.

Property disclosed, must be appraised, and it is the duty of the debtor to have this done. If not done, there is a breach of the bonds. Patten v. Kelley, 38 Maine R., 215; Baldwin v. Doe, 36 Maine R., 494.

The damages, in the absence of proof upon that point, are the amount due upon the execution. Sargent v. Pomroy, 33 Maine R., 389. If there is evidence upon that point, plaintiff is entitled to recover the real and actual damages.

MAY J. Nothing is better settled than the right of the execution creditor, whenever it shall appear from the disclosure of his debtor, that such debtor "possesses, or has under his control, any bank bills, notes, accounts, bonds, or other contracts, or *any other property,* not exempted expressly by statute from attachment, but which cannot be come at to be attached," to have the same, if of any value, appraised and set off, or assigned to him, that it may, at his

election, be appropriated to the payment of his debt, in accordance with the provisions of the R. S., chap. 148, sects. 29, 30, and 34; and that the debtor, if he fail, when he and the justices are allowed by the creditor and his attorney to pursue their own course, to take the necessary steps to secure the rights aforesaid, to such creditor, or if he refuse to surrender such property within thirty days from the time of the disclosure, on demand of any proper officer, having an execution on the same judgment, shall receive no benefit from the certificate described in the thirty-first section of the same chapter. Call v. Barker and al., 27 Maine R., 97; Butman v. Holbrook and al., 27 Maine R., 419; Hatch v. Lawrence and al., 29 Maine R., 480; Bachelder v. Sanborn and al., 34 Maine R., 230; Baldwin v. Doe and al., 36 Maine R., 494; Patten v. Kelley and al., 38 Maine R., 215.

The debtor in this case disclosed that he had in his possession and under his control eighty-five cents in money; and also that his wife had a gold watch which was given to her by himself before marriage, in 1844, and while they were residing in the state of New York.

By the common law all the personal property which the wife possesses at the time of the marriage passes to the husband, and becomes his own instantly; and, therefore, may be disposed of by him *ad libitum*, and is liable for his debts. The marriage is an absolute gift to the husband of all her personal chattels in possession, and a qualified gift of all her *choses in action*, depending for its effect upon his reducing them into possession or recovering them at law. Coke. Lit., 351, a 2 Black. Com., 433; Commonwealth v. Manley and al., 12 Pick., 173; Chase and al. v. Palmer and al., 25 Maine, 331; Blanchard v. Blood, Barbour, 352. This last case was cited and read at the hearing without objection, and is directly to the point that by the laws of New York the watch in controversy was the property of the husband.

Such was the law of this state prior to the statute of 1844, chap. 117, by which, and the subsequent statutes upon the same subject, the right of the wife to her property, unless

derived from her husband in fraud of his creditors, has been secured to her. We think, under the circumstances of this case, we may properly presume the laws of New York to be similar to ours as they existed by the common law, the contrary not having been shown. Legg v. Legg, 8 Mass., 99; Law Register, 5 vol., p. 321.

Upon the principles established by the foregoing authorities, there was disclosed by the debtor eighty-five cents as belonging to him, and a watch as belonging to his wife, which became legally his by virtue of his marriage, and subject to seizure for the payment of his debts, unless the same can be regarded as exempt from attachment, as a part of the wearing apparel of his wife. That watches, as well as jewelry, are sometimes worn as ornaments to decorate the person, is undoubtedly true; but we know of no authority by which a watch is exempted from attachment, whether used by the husband or the wife. Trinkets and jewels given to a wife before marriage becomes the husband's again by the marriage, and are liable for his debts if his personal estate is not sufficient. Com. Dig., 2 vol.; Baron Ferne, E. 3.

A gold watch is paraphernalia, and may be subjected by the administration to the payment of the debts of the estate of the deceased husband. Howard v. Manifee, 5 Pike, (Ark.) 668.

As the husband may dispose of his wife's paraphernalia during his lifetime, so they will be liable for his debts. 1 Brights, Husb. and Wife, 288; 1 Tom. L. D., Baron v. Tuttle, IV. 8; 2 Black. Com., 435.

The case shows that the R. S., chap. 148, p. 29, was not complied with in relation to the small sum of money and the watch disclosed, and that the debtor did not deliver the same to the officer, who seasonably demanded them, on an alias execution issued upon the same judgment. By his neglects in these particulars, the penalty of his bond has become forfeited, and the plaintiff is entitled to recover; but as the prescribed oath was taken prior to a breach of the conditions of the bond, he will be entitled only to the actual damages sus-

Tllexan *v.* Wilson and al.

tained. Vide S. of 1848, chap. 85; Bray v. Kelley and al., 38 Maine, 595.

The plaintiff claims to recover not only for the value of the money and the watch, but also for certain furniture which was given to the debtor's wife by her father about two months after her marriage, in 1844. It appears, to have been given upon such conditions as clearly show the intention of her father, not to convey to her any such title as to subject the same to the control of the husband, or to the payment of his debts; and the bill of sale transferring the same to her upon condition, (the principal consideration of which is love and affection for the daughter,) seems to have been executed shortly after the marriage, and not to have been delivered until 1848, when the debtor and his wife had removed to this state. From the facts which appear in the case, it is evident that he did not before the delivery of the bill of sale, intend to transfer his property in the furniture, so that he could not reclaim it, in certain contingencies at his pleasure, else why did he retain the bill of sale. We think that the conveyance, although upon condition, did not take effect until the delivery of the bill of sale, and the delivery being in this state, and not until long after the statute of 1844, the husband acquired no property in the furniture so conveyed.

The result is that the defendant must be defaulted, and damages are to be assessed for the amount of money disclosed, and for the value of the watch, with interest from the term of the demand.

*Defendants defaulted.*

CUTTING, J., concurred in the default, but not in the amount of damages, which should be only nominal.